UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL FISHER, on behalf of himself and all others similarly situated, ) ) ) | CASE NO.: 1:19-cv-00286 |
| ) | JUDGE CHRISTOPHER BOYKO |
| Plaintiff, ) ) | |
| vs. ) ) | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| DURA-LINE CORPORATION, ) ) | |
| Defendant. ) | |

THIS CAUSE having come before the court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Chastity L. Christy, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1. On February 6, 2019, Representative Plaintiff commenced the Action on behalf of himself and all others similarly situated to him with respect to the claims he asserted.

2. Plaintiff alleged that Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiff and other similarly-situated employees for all time worked and overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek. Specifically, Plaintiff alleged that he and similarly-situated manufacturing employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: a) changing into and out of their personal protective equipment, including

but not limited to safety glasses, ear protection and/or a helmet; b) getting tools and/or equipment necessary to perform their manufacturing work; c) walking to their assigned area of the manufacturing floor; and/or d) performing their manufacturing work.

3. On April 3, 2019, Defendant answered the Complaint and denied any liability or wrongdoing of any kind.

4. On February 28, 2020, the Parties filed their Joint Stipulation to Conditional Certification and proposed Notice, in which the Parties stipulated to the following class:

> All former and current non-exempt manufacturing employees of Dura-Line Corporation in Elyria, Ohio who worked more than 40 hours in a workweek between February 6, 2017 and the present. (Doc. 18.)

5. The Parties Joint Stipulation to Conditional Certification and Notice were approved by the Court on March 6, 2020. (Doc. 19.)

6. On March 16, 2020, Notice was mailed to potential Class Members. The Notice period closed on April 15, 2020.

7. In addition to Plaintiff, there are 18 Opt-In Party Plaintiffs.

8. The Parties stipulate to this Court that they engaged in substantial investigation and informal discovery prior to negotiating the Settlement, and relevant information was exchanged, including discovery relating to Plaintiffs' claims and Defendant's defenses.

9. The Parties stipulate to this Court that they engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims. This included a complete analysis and calculations of Plaintiffs' and Opt-In Party Plaintiffs' alleged overtime damages.

10. The Parties advise this Court that they engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties.

11. Between June 2019 and August 2019, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims. This included the production of time and pay data of Plaintiff and Opt-In Party Plaintiffs and the calculations of Plaintiff's and the Opt-In Party Plaintiffs' alleged overtime damages.

12. Between August 2019 and September 2020, the Parties engaged in extensive legal discussion and correspondence, which included numerous and lengthy discussions and written communications.

13. On December 10, 2019, the Parties participated in a mediation with Magistrate Judge Thomas M. Parker, which did not result in resolution of the matter.

14. Between May 13, 2020 and September 15, 2020, the Parties continued their settlement negotiations, including the exchange of letters and discussions between Counsel for the Parties detailing the Parties' legal and factual positions

15. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

16. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on September 15, 2020 (the terms are embodied in the Joint Stipulation of Settlement and Release, attached as Exhibit 1 to the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice.)

17. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act.

4

18. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

19. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provide by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this  9th  day of  December              , 2020.

 s/Christopher A. Boyko                         
HONORABLE JUDGE CHRISTOPHER BOYKO